UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
ANN ARBOR DIVISION

| | |
|---|---|
| TERRY REY, JR.,<br>     Plaintiff,<br><br>vs.<br><br>EQUITYEXPERTS.ORG, LLC; and<br>DOES 1 through 10, inclusive,<br>     Defendant. | Case No.: 2:12-cv-14170-BAF-MAR<br>[Judge: Hon. Bernard A. Friedman]<br>[Magistrate: Hon. Mark A. Randon]<br><br>**FIRST AMENDED COMPLAINT AND<br>DEMAND FOR JURY TRIAL**<br><br>Filed:  September 19, 2012 |

## FIRST AMENED COMPLAINT FOR DAMAGES

## INTRODUCTION

1. Terry Rey, Jr. (Plaintiff) brings this action to secure redress from EQUITYEXPERTS.ORG, LLC (Defendant) for violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, and for violations of the Michigan Occupational Code §§ 339.901-339.920 (MOC).

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) which states that any action to enforce liability created by the FDCPA may be brought in any appropriate United States district court.  Jurisdiction of this court also arises under 28 U.S.C. §§ 1331, 1337 and 1367.  Further, jurisdiction in this Court is proper for Plaintiff's state law claims under 28 U.S.C. § 1367(a)  as Plaintiff's state law claims are so related to Plaintiff's FDCPA claims that they form part of the same case or controversy under Article III of the United States Constitution.

3.      Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in this district because Defendant transacts business in this District and Defendant's collection communications were received by Plaintiff in this District and thus, a substantial part of the events or omissions giving rise to this action occurred in this District.

## PARTIES

4.      Terry Rey, Jr. (Plaintiff) is an individual, residing in Romulus, Wayne County, Michigan 48174.  Plaintiff is a natural person obligated or allegedly obligated to pay any debt and is thus "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3) and the MICH. OCCUPATIONAL CODE § 339.901(f).

5.      EQUITYEXPERTS.ORG, LLC (Defendant) is a limited liability company, registered under the laws of the State of Michigan.  Upon information and belief, Defendant's Registered Agent for Service of Process is Michael Novak located at 400 Water Street, Suite 250, Rochester, Michigan 48307.

6.      Upon information and belief, Defendant's principal purpose is the collection of debts and Defendant regularly collects or attempts to collect the debts owed or due or asserted to be owed or due another.  Defendant regularly uses the telephone and the mail to engage in the business of collecting debt in several states including, Michigan.  Thus, Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).  Upon information and belief, Defendant is directly or indirectly engaged in soliciting a claim for collection or attempting to collect a claim owed or due or asserted to be owed or due another and, as such, Defendant is a "collection agency" as defined by the MICH. OCCUPATIONAL CODE § 339.901(b).

7.      The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who therefore sues them by such fictitious names.  Plaintiff will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

## FACTUAL ALLEGATIONS

8.      Within one year prior to the filing of this action, Defendant contacted Plaintiff to collect a debt originally incurred with another creditor (alleged debt).  Upon information and belief, the alleged debt is an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.  Thus, the alleged debt is a "debt" as defined by 15 U.S.C. § 1692a(5).  The alleged debt is an obligation or alleged obligation for the payment of money arising out of an expressed or implied agreement or contract for a purchase made primarily for personal, familial or household purposes and, as such, the alleged debt is a "claim" or "debt" as defined by MICH. OCCUPATIONAL CODE § 399.901(a).

9.      At all times relevant to this action, Defendant contacted Plaintiff for the purpose of collecting an alleged debt.

10.     Upon information and belief, at all times relevant to this action, Defendant has owned, operated and/or controlled telephone number (248) 601-6766.  Upon information and belief, at all times relevant to this action, Defendant called Plaintiff from,

but not limited to, telephone number (248) 601-6766 for the purpose of collecting the alleged debt.

11. Within one year prior to the filing of this action, Defendant contacted Plaintiff for the purpose of collecting the alleged debt and engaged in conduct the natural consequences of which was to harass, oppress, or abuse Plaintiff.

12. Within one year prior to the filing of this action, Defendant contacted Plaintiff for the purpose of collecting the alleged debt and used obscene or profane language or language the natural consequences of which was to abuse Plaintiff.

13. Within one year prior to the filing of this action, Defendant contacted Plaintiff for the purpose of collecting the alleged debt and used false, deceptive or misleading representations or means.

14. Within one year prior to the filing of this action, Defendant contacted Plaintiff for the purpose of collecting the alleged debt and made a representation or implication that nonpayment of the alleged debt would result in the arrest or imprisonment or any person or the seizure, garnishment, attachment, or sale of any property or wages of any person.

15. Within one year prior to the filing of this action, Defendant contacted Plaintiff for the purpose of collecting the alleged debt and threatened to take legal action against Plaintiff that cannot legally be taken or that is not intended to be taken.

16. Within one year prior to the filing of this action, Defendant, in connection with the collection of the alleged debt, threatened to foreclose on Plaintiff's home.

17. Upon information and belief, Defendant has no standing to commence legal proceedings on behalf of the original creditor. Defendant is a debt collection

company and as a debt collection company attempting to collection an alleged debt, Defendant can only refer the matter back to the creditor with a recommendation that the original creditor attempt legal proceedings.

18. The representations made to Plaintiff by Defendant regarding legal proceedings were false.

19. Within one year prior to the filing of this action, Defendant contacted Plaintiff for the purpose of collecting the alleged debt and made a false representation or used deceptive means to attempt to collect the alleged debt or obtain information about Plaintiff.

20. Within one year prior to the filing of this action, Defendant called Plaintiff at Plaintiff's residential telephone number (568) 484-2443 for the purpose of collecting the alleged debt and failed to disclose that Defendant was a debt collector and was attempting to collect a debt and that any information obtained would be used for that purpose.

21. Within one year prior to the filing of this action, Defendant, in connection with the collection of the alleged debt, contact Plaintiff by leaving a voicemail communication for Plaintiff in which the Defendant did not identify that the communication was from a debt collector.

22. The natural consequences of Defendant's statements and actions were to unjustly condemn and vilify Plaintiff for his non-payment of the debt he allegedly owed.

23. The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

24. The natural consequences of Defendant's statements and actions were to cause Plaintiff mental distress.

25. Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by lying to and misleading Plaintiff and speaking to him in an offensive and verbally abusive manner.

26. Defendant's conduct as described in detail above amounted to an unfair or unconscionable means to collect or attempt to collect the alleged debt from Plaintiff.

## FIRST CAUSE OF ACTION

**(Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692)**

27. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

28. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

(b) Defendant violated 15 U.S.C. §1692d(2) by using obscene or profane language or language the natural consequences of which is to abuse the hear or reader in connection with the collection of an alleged debt; and

(c) Defendant violated 15 U.S.C. §1692e by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

(d) Defendant violated 15 U.S.C. §1692e(4) by giving the false representation or implication that nonpayment of the alleged debt will result in the seizure of any property of any person when such action is unlawful and the Defendant does not intend to take such action; and

(e) Defendant violated 15 U.S.C. §1692e(5) by threatening to take action that the Defendant does not intend to take and/or the Defendant cannot legally take; and

(f) Defendant violated 15 U.S.C. §1692e(10) by using false representation or deceptive means in connection with the collection the alleged debt; and

(g) Defendant violated 15 U.S.C. §1692e(11) by failing to disclose in a communication subsequent to the initial communication that was not a formal pleading that the communication was from a debt collector; and

(h) Defendant violated 15 U.S.C. §1692f of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

29. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

30. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

## SECOND CAUSE OF ACTION

### (Violation of the Michigan Occupational Code §§ 339.901-339.920)

31. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

32. Defendant violated the MOC. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated MICH. OCCUPATIONAL CODE § 339.915(a) by threatening legal action when the Defendant does not have standing to commence such an action and this threat is deceptive or misleading.

(b) Defendant violated MICH. OCCUPATIONAL CODE § 339.915(e) because Defendant made an inaccurate or untrue statement in stating that they would take legal action against Plaintiff when Defendant does not having standing to do so.

(c) The above violations were willful.

(d) Plaintiff suffered damage, injury and/or loss because Defendants calls violated Plaintiff's privacy rights.

(e) Plaintiff expects that Defendant follow state and/or federal law in collecting debts.

(f) As a result of each and every Defendant's violations of the MOC, Plaintiff is entitled to the greater of statutory damages of $150.00 or three times actual damages and is entitled to reasonable attorney's fees and costs pursuant to MICH. OCCUPATIONAL CODE § 399.916(2) from each and every Defendant herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a) Declaratory judgment that Defendant's conduct violated the FDCPA and the MOC;

(b) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and MICH. OCCUPATIONAL CODE § 399.916(2);

(c) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2) and MICH. OCCUPATIONAL CODE § 399.916(2);

(d) Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3) and MICH. OCCUPATIONAL CODE § 399.916(2);

(e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

(f) For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: April 22, 2013                         By: /s/Tarek N. Chami         _

Tarek N. Chami, Esq.(P76407)
28865 Plymouth Road
Livonia, MI 48150
T:313-410-5118
Tareknchami@gmail.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 22nd day of April, 2013, I caused a copy of the foregoing **PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** to be electronically filed with the Clerk of Court using the cm/ecf system, which will provide electronic notice of the filing to the following:


Michael Linardos, Esq.
525 E. Big Beaver Road, Suite 206
Troy, MI 48083
(248) 619-0065
mlinardos@hotmail.com

*Attorney for Defendant*